JUSTICE RICE
concurring in part and dissenting in part.
¶42 I concur with reversing and remanding this matter for further proceedings under Issue 1.1 would not conclude, under Issue 2, that the District Court abused its discretion in denying the Defendant’s motion to strike Dr. Stratford’s testimony.
¶43 The motion to strike went far beyond the singular question cited in the Court’s opinion that touched on the victim’s credibility. It sought *471 broad relief. As defense counsel stated at the time, “It’s a motion to strike the entirety of [Dr. Stratford’s] testimony.” Defendant requests the same relief in his appellate briefing: “All of Stratford’s testimony should have been stricken.” Stratford’s testimony was primarily directed to the nature of child sexual abuse and the processes at work when a victim recants earlier testimony, an appropriate subject matter for expert testimony under our case law, as correctly cited by the District Court. Thus, the District Court properly denied the motion in limine, which had sought to exclude the general subject matter of the testimony, and also properly denied the motion made during the hearing to strike the entirety of Stratford’s testimony.
¶44 The “more likely than not” question cited in the Court’s opinion about the truthfulness of the victim’s trial testimony may well have been objectionable on its face. However, after the question was initially asked, the District Court clarified that the prosecutor was not seeking Stratford’s opinion about the credibility of the victim’s testimony. Stratford then answered the question by discussing the process in general, including: the value of neutrality in child interview questions, the importance of the early interview because of the failure of memory over time, the details provided in a child’s narrative, the emotional context of the child’s initial statement, the circumstances of subsequent interviews and whether the story has changed over time. Stratford’s answer was not directed toward the credibility of the victim. Thus, I believe the District Court handled the matter within its discretion. Further, I would also make clear that we are rejecting the Defendant’s request to strike all of Stratford’s testimony for purposes of the proceedings on remand. I would not strike any of that testimony.